UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA, Secretary of Labor,    *
United States Department of Labor,          *
                                            *
                Plaintiff,                  *
                                            *      CIVIL ACTION
        v.                                  *
                                            *      NO.  1:19-cv-93
MADEIRA RESTAURANT INC. d/b/a               *
MADEIRA RESTAURANT, THE                     *
WATERFRONT RESTAURANT AND LOUNGE            *
INC. d/b/a AL'S WATERFRONT                  *
RESTAURANT & MARINA, and ALBERTINO          *
MILHO, DAVID MILHO, and KAREN               *
DASILVA, Individually,                      *
                                            *
                Defendants.                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin Defendants from violating the overtime and recordkeeping requirements of the Fair Labor Standards Act of 1938, as amended, 2 Stat. 1060, 29 U.S.C. § 201 *et seq.*, hereinafter called "the Act," and to recover wages that Defendants failed to pay employees as well as liquidated damages.  *See* 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(5), 216(c) and 217.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Madeira Restaurant Inc. ("Madeira Restaurant") is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 288 Warren Avenue, East Providence, Rhode Island, 02914, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a restaurant. Madeira Restaurant employs, and has employed, during the period set forth below, employees who work in the restaurant as cooks, dishwashers, servers, bussers, and bartenders. Madeira Restaurant has at all times hereinafter mentioned set its employees' method of compensation and policies regarding compensation. It addition, Madeira Restaurant has set its employees' terms and conditions of employment, including hours worked, and has supervised their work, and has hired and fired them.

III.

Defendant The Waterfront Restaurant and Lounge Inc. ("Waterfront Restaurant") is, and at all times hereinafter mentioned was, a corporation having an office at 288 Warren Avenue, East Providence, Rhode Island, 02914 and a place of business at 28 Water Street, East Providence, Rhode Island, 02914, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a seasonal restaurant. Waterfront Restaurant employs, and has employed, during the period set forth below, employees who work in the restaurant as cooks, dishwashers, servers, bussers, and bartenders. Waterfront Restaurant has at all times hereinafter mentioned set its employees' method of compensation and policies regarding compensation. In addition, Waterfront Restaurant has set its employees' terms and conditions of employment, including hours worked, and has supervised their work, and has hired and fired them.

IV.

Defendant Albertino Milho resides in Rhode Island and has a regular place of business and transacts substantial business on an ongoing basis in this judicial district, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, the president and an owner of Madeira Restaurant and Waterfront Restaurant.  Albertino Milho, at all times hereinafter mentioned, was an owner and operated the business, hired, fired, and supervised employees, disbursed cash payments to certain employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay. His actions concerning pay practices have affected the amounts of compensation received by employees.  As such, he has actively managed, supervised, and directed the day to day business affairs and operations of Madeira Restaurant and Waterfront Restaurant.

V.

During Plaintiff's investigation, Albertino Milho took steps to have false information transmitted to Plaintiff's Wage and Hour Division by having employees sign declarations containing inaccurate statements as to the hours worked by and compensation paid to employees, questioned his employees regarding what they were asked during interviews with the Wage and Hour Division, and instructed employees not to speak to representatives of the Wage and Hour Division regarding their compensation and hours worked.  He has acted at all times material herein directly and indirectly in the interest of Madeira Restaurant and Waterfront Restaurant in relation to the employees of each restaurant, and therefore is and has been an employer of said employees within the meaning of the Act, *see* 29 U.S.C. § 203(d).

VI.

Defendant David Milho has a regular place of business and transacts substantial business on an ongoing basis in this judicial district, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, the primary restaurant manager of Waterfront Restaurant. During the times of the year when Waterfront Restaurant was closed, he was a manager at Madeira Restaurant. David Milho has, at all times hereinafter mentioned, conducted business in the state of Rhode Island on a continuous and systematic basis. The claims against David Milho in this matter arise out of and are directly related to his business activities in the state of Rhode Island. David Milho has, at all times hereinafter mentioned, hired, fired, and supervised employees, disbursed cash payments to certain employees, and has engaged in setting the particular hours of work, and the rates and method of compensation. His actions concerning pay practices have affected the amounts of compensation received by employees. As such, he has actively managed, supervised, and directed the day-to-day business affairs and operations of Waterfront Restaurant. He has acted at all times material herein directly and indirectly in the interest of Madeira Restaurant and Waterfront Restaurant in relation to the employees of each restaurant, and therefore is and has been an employer of said employees within the meaning of the Act, *see* 29 U.S.C. § 203(d).

VII.

Defendant Karen DaSilva has a regular place of business and transacts substantial business on an ongoing basis in this judicial district, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, the primary restaurant manager at Madeira Restaurant and the payroll manager for both Madeira Restaurant and Waterfront Restaurant. Karen DaSilva has, at all times hereinafter mentioned, conducted business in the state of Rhode

Island on a continuous and systematic basis. The claims against Karen DaSilva in this matter arise out of and are directly related to her business activities in the state of Rhode Island. In her role as restaurant manager, Karen DaSilva has hired, fired, and supervised employees, disbursed cash payments to employees, and has engaged in setting the particular hours of work, created payroll records and reports, reported employees' tips, and set the rates and method of compensation.

VIII.

Furthermore, in her role as payroll manager for both Madeira Restaurant and Waterfront Restaurant, Karen DaSilva was in charge of representing Defendants in dealings with Defendants' payroll provider and reporting the hours worked for those employees who were paid via the payroll system. She failed to report all hours worked to the payroll provider, and thus, her actions concerning pay practices have affected the amounts of compensation received by employees. As such, she has actively managed, supervised, and directed the day-to-day business affairs and operations of Madeira Restaurant and Waterfront Restaurant. She has acted at all times material herein directly and indirectly in the interest of Madeira Restaurant and Waterfront Restaurant in relation to the employees of each restaurant, and therefore is and has been an employer of said employees within the meaning of the Act, *see* 29 U.S.C. § 203(d).

IX.

Madeira Restaurant and Waterfront Restaurant are, and at all times since October 31, 2015 were, engaged in related activities performed through unified operation, ownership, or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

Employees are shared between the two restaurants as needed and payroll is processed centrally for both restaurants.

X.

At all times since October 31, 2015, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Accordingly, the employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

**<u>Violation of Sections 7(a) and 15(a)(2) of the Act, Failure to Pay Overtime</u>**

XI.

Beginning no later than October 31, 2015 to the present, Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed, for hours worked in excess of forty (40) hours in said workweeks. Therefore, Defendants are liable for overtime compensation owed to these employees and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c), as set forth below. Plaintiff's investigation determined that eleven (11) employees of Defendants regularly worked more than forty (40) hours per workweek without proper overtime compensation.

XII.

With respect to Madeira Restaurant, during the period from October 31, 2015 to October 28, 2017, nine (9) of the affected employees of Defendants listed in the attached Exhibit A did not receive proper overtime compensation for work performed at Madeira Restaurant. Five of these employees worked as cooks and one of these employees worked as a dishwasher. In addition, three tipped employees—a bartender, a server, and a busser—did not receive the overtime premium for all hours worked over forty (40) hours in a workweek.

XIII.

With respect to Waterfront Restaurant, during the period from July 30, 2016 to October 28, 2017, four (4) employees of Defendants listed in the attached Exhibit A did not receive proper overtime compensation for work performed at Waterfront Restaurant. These employees worked as cooks. Two of the employees owed back wages worked at both restaurants during certain workweeks within the relevant period of time at issue.

XIV.

Defendants compensated cooks and dishwashers employed by them at both restaurants by paying them a weekly set amount, or in some cases by an hourly rate. These workers received no overtime premium.

XV.

Defendants compensated servers, bartenders and bussers by a tipped rate in addition to tips that they received. Employees who were paid a tipped rate received no overtime premium as well.

XVI.

Defendants paid some of their employees entirely in cash, and did not list them on

Defendants' payroll records. Employees who were paid entirely in cash were not paid any overtime premium for hours worked over forty (40) hours in a workweek.

XVII.

Defendants paid other employees by a check for hours worked up to forty (40) hours of work in a workweek, and by cash for hours worked over forty (40) hours. These employees were paid either a set weekly amount, or they were paid an hourly rate. In neither case were these employees paid an overtime premium for hours worked over forty (40) hours in a workweek.

XVIII.

Defendants accordingly failed to pay an overtime premium to any of the employees listed in the attached Exhibit A as required by Sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207 and 215(a)(2).

XIX.

Defendants failed to record the hours worked over forty (40) hours in a workweek by employees included on their payroll records, and failed to record any hours worked of employees paid entirely in cash and not included on their payroll records. Defendants also failed to record the amount of cash payments made to their employees. Given the lack of these required records, Plaintiff, during his investigation, gathered information about the hours employees worked, and derived average weekly hours worked for each employee.

XX.

Employees employed as full-time cooks worked average weekly hours ranging from forty-five (45) hours per week to fifty-nine (59) hours per week. Cooks generally worked six days a week, with shifts ranging in length from approximately six (6) hours to approximately

thirteen and one-half (13.5) hours, and with a lunch period of between ten (10) minutes and one (1) hour. Most of the cooks received a set amount of pay each week, which Defendants paid partially via payroll and partially in cash. The amounts paid to each cook varied from employee to employee; in most cases those payments ranged from $520.00 per week to $1,100.00 per week, with no overtime premium paid to cooks when they worked hours over forty (40) in a workweek.

XXI.

Employees employed as full-time dishwashers worked an average of forty-five (45) hours per week. Dishwashers generally worked six (6) days per week, with a lunch period of approximately ten (10) minutes. The weekly amounts paid to dishwashers ranged from approximately $520.00 to approximately $560.00, with no overtime premium paid to the dishwashers when they worked hours over forty (40) in a workweek.

XXII.

Regarding tipped employees, Defendants failed to pay a half-time premium for hours worked over forty (40) in a workweek to three (3) tipped employees at Madeira Restaurant: a bartender, a server, and a busser. Employees employed as full-time bartenders and servers worked an average of forty four (44) hours per week, and were paid a set weekly amount, ranging from $264.00 to approximately $308.00. The employee employed as a full-time busser worked an average of 43 hours per week and was paid a set amount of approximately $215.00 per week.

XXIII.

The averages calculated by Plaintiff for these positions cover each of the full weeks worked by the affected employees during the periods on which Plaintiff's investigation focused:

October 31, 2015 through October 28, 2017 with regard to Madeira Restaurant, and July 30, 2016 through October 28, 2017 with regard to Waterfront Restaurant.

XXIV.

Consequently, during the periods on which Plaintiff's investigation focused, Defendants failed to be in compliance with the overtime requirements of the Act. As a result, Defendants owe nine (9) employees of Madeira Restaurant a total of $41,324.14, and an equal amount of liquidated damages, and four (4) employees of Waterfront Restaurant[1] a total of $3,806.63, and an equal amount of liquidated damages, for a total of $90,261.54. Defendants may owe additional amounts of back wages to the extent that they have not come into compliance with the Act after October 28, 2017.

**Violation of Sections 11(c) and 15(a)(5) of the Act, Failure to Make and Keep Records**

XXV.

Beginning no later than October 31, 2015, Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. § 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516.

XXVI.

Defendants' records from October 31, 2015 throughout the period of the investigation failed to show adequately and accurately all employees' hours worked each workday, their total hours worked each workweek, the employees' hours worked over forty (40) each workweek, and any cash payments they received.

---

[1] Two of the employees owed back wages worked at both restaurants.

XXVII.

Specifically, Defendants failed to maintain any record of the start/stop times and all daily hours worked for any of the employees at both locations.  In addition, Defendants failed to maintain accurate records of hours worked, in that Defendants failed to record all hours worked by employees listed on Defendants' payroll records, and, for employees paid entirely in cash, failed to record any hours worked.

XXVIII.

Defendants did not record the amounts of cash payments to employees or the dates those payments were made.

XXIX.

Defendants maintained two parallel pay systems, in that Defendants paid employees through payroll for the hours worked under forty (40) per week.  For overtime hours, however, Defendants paid employees in cash and at their regular rate of pay, and did not record the cash payments or overtime hours.  As a result, Defendants' payroll records are inaccurate.

**Defendants' Violations Are Willful**

XXX.

Defendants' violations of the Act, as set forth above, were knowing, deliberate, and intentional, or were done with reckless disregard for the Act.

XXXI.

Defendants paid employees through payroll for the hours worked under forty (40) per week but paid overtime hours in cash and at the employees' regular rates.  Although some employees worked as many as nineteen (19) overtime hours each week, Defendants failed to report any overtime hours to their payroll provider or pay the overtime premium required by the

Act, demonstrating awareness of the Act's overtime requirements and an intent to violate the Act.

XXXII.

Furthermore, Defendant Albertino Milho had employees sign declarations containing inaccurate statements as to the hours worked by and compensation paid to employees, which were provided to Plaintiff's Wage and Hour Division, demonstrating awareness of the Act's overtime requirements and an intent to violate the Act.

XXXIII.

Defendant Albertino Milho also questioned employees regarding what they were asked during interviews with Plaintiff's Wage and Hour Division, and instructed employees not to speak to the Wage and Hour Division regarding their compensation and hours worked.

XXXIV.

Therefore, Defendants were aware of the requirements of the Act during the period covered by this Complaint, and yet they intentionally violated those requirements, or acted in reckless disregard of them.

**Prayer For Relief**

XXXV.

During the relevant period beginning no later than October 31, 2015, Defendants willfully and repeatedly violated the aforesaid provisions of the Act, as alleged.

WHEREFORE, cause having been shown, Plaintiff prays that the court enter judgment:

(1)	For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act;

(2)   For an Order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due.

Alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(3)   Awarding Plaintiff the costs of this action; and

(4)   Granting such other and further relief as may be necessary and appropriate.

        Kate S. O'Scannlain
        Solicitor of Labor

Post Office Address:        Maia S. Fisher
U.S. Department of Labor        Regional Solicitor
Office of the Solicitor
JFK Federal Bldg., Room E-375        /s/ Rachel Culley
Boston, MA  02203        Rachel Culley
Culley.Rachel.A@dol.gov        Trial Attorney, Mass. BBO No. 681718
TEL: 617-565-2500
FAX: 617-565-2142

        Date: February 26, 2019