UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>*Secretary of Labor,*<br>*United States Department of Labor,*<br>    Plaintiff,<br><br>v.<br><br>MADEIRA RESTAURANT INC. d/b/a<br>MADEIRA RESTAURANT, THE<br>WATERFRONT RESTAURANT AND<br>LOUNGE INC. d/b/a AL'S<br>WATERFRONT RESTAUARANT &<br>MARINA, and ALBERTINO MILHO,<br>DAVID MILHO, and KAREN<br>DASILVA, Individually,<br>    Defendants. | C.A. No. 19-093-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This is an action under the Fair Labor Standards Act ("FSLA") brought by Plaintiff R. Alexander Acosta, Secretary of Labor of the United States Department of Labor ("the Secretary of Labor") against Madeira Restaurant Inc. and The Waterfront Restaurant and Lounge Inc. d/b/a Al's Waterfront Restaurant & Marina[1] (all

---

[1] In addition to Madeira Restaurant and the Waterfront Restaurant and Lounge, the Secretary of Labor sued Defendants: Albertino Milho, the president and an owner of Madeira Restaurant and Waterfront Restaurant; David Milho, manager at Madeira Restaurant during the times of the year when the Waterfront Restaurant was closed; and Karen DaSilva, the primary restaurant manager at Madeira Restaurant and the payroll manager for both Madeira Restaurant and Waterfront Restaurant

Defendants collectively "Madeira Restaurant"). By answer, Madeira Restaurant asserts two counterclaims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the Equal Access to Justice Act ("EAJA") against the Secretary of Labor. The United States, on behalf of the Secretary of Labor, moves to dismiss Madeira Restaurant's counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 12. For the following reasons, the Court GRANTS the Secretary of Labor's Motion to Dismiss Madeira Restaurant's two counterclaims.

I. BACKGROUND

The Secretary of Labor's complaint alleges that Madeira Restaurant violated the FLSA by failing to compensate properly eleven employees for overtime hours worked. The Secretary of Labor also alleges that Madeira Restaurant violated the FLSA by failing to "make, keep, and preserve adequate and accurate records" related to employees' wages and hours. ECF No. 1 at 10. The alleged violations were discovered during an investigation by the Secretary of Labor that examined Madeira Restaurant's employment practices from October 31, 2015 to October 28, 2017. The Secretary of Labor sought monetary relief of $45,130.77 for unpaid wages and an equal amount in liquidated damages for a total of $90,261.54.

Upon completion of the investigation and filing of the complaint, the Secretary of Labor issued the following statement in a press release: "The defendants knew what the FLSA required of them yet intentionally disregarded or violated those requirements. In doing so, they not only deprived their employees of their hard-

earned wages, they also undercut those competitors who chose to obey the law." ECF No. 9 at 4.

Madeira Restaurant responded by bringing the counterclaims that are at issue here, seeking damages under the FTCA, for harm caused by the "false or misleading" press release that "intentionally or negligently" damaged the business as well as reimbursement of legal fees and costs under the EAJA. *Id.* The Secretary of Labor has moved to dismiss the FTCA claim for lack of subject matter jurisdiction and to dismiss the EAJA claim for failure to state a claim upon which relief can be granted.

## II. APPLICABLE LEGAL STANDARDS

A defendant may move for relief asserting lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is "never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). If a party invokes subject matter jurisdiction, it must show by a preponderance of the evidence that jurisdiction is proper. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008). The Court may look to materials beyond the pleadings when deciding on a Rule 12(b)(1) motion. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

A complaint can also be dismissed under Federal Rule of Civil Procedure 12(b)(6) where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion for dismissal under Rule 12(b)(6), the complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim that is simply

3

conceivable is not enough. *Id.* For a claim to be "facially plausible," the factual allegations, accepted as true, must provide a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true only factual allegations, and not legal conclusions. *Id.*

III. DISCUSSION

    A.    Madeira Restaurant's Claim Under the FTCA

As a longstanding principle, the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). When the Government waives sovereign immunity, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

In some circumstances, the United States consents to be sued under the FTCA. "The FTCA provides a 'carefully limited waiver' of the federal government's sovereign immunity for certain claims alleging harm caused by United States employees or agents." *Carroll v. United States*, 661 F.3d 87, 93 (1st Cir. 2011) (quoting *Bolduc v. United States*, 402 F.3d 50, 62 (1st Cir. 2005)). More precisely, the FTCA grants district courts jurisdiction in civil suits against the United States for:

> [I]njury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4

28 U.S.C. § 1346(b)(1). However, the FTCA's waiver of immunity has clearly defined exceptions, and "where they apply, 'the federal courts lack subject matter jurisdiction.'" *Carroll*, 661 F.3d at 93 (quoting *Wood v. United States*, 290 F.3d 29, 35 (1st Cir. 2002)).

One such exception to the FTCA, 28 U.S.C. § 2680(h), states that the Government does not waive sovereign immunity when the claims against the government arise out of "libel, slander, [or] misrepresentation." This provision of the FTCA is called the "intentional tort exception." *See Levin v. United States*, 568 U.S. 503, 507 (2013).

When determining whether a claim is barred by the intentional tort exception, the First Circuit considers substance over form, pushing courts to "look past the nomenclature employed by the plaintiff and focus on the actual nature of the plaintiff's grievance." *Limone v. United States*, 579 F.3d 79, 92 (1st Cir. 2009) (citing *Jiménez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982)). "If that grievance rests on proof of conduct that traditionally comprises an excepted tort, section 2680(h) precludes suit." *Limone*, 579 F.3d at 92.

The First Circuit has held that while the intentional tort exception enumerates slander and libel, it also applies fully to claims of defamation. *See Jiménez-Nieves*, 682 F.2d at 6. For example, the First Circuit has held that claims based on a false and defamatory statement to the media by a federal agency are barred under the intentional tort exception. *See Aversa v. United States*, 99 F.3d 1200, 1213 (1st Cir. 1996). In *Aversa*, two men charged with money laundering sued the United States

after the Internal Revenue Service ("IRS") issued a press release implying that the men gained the money laundered through illegal means such as drug trafficking or organized crime. *Id.* at 1204-05. Although the Court rebuked the IRS for knowingly putting out a "false and misleading" statement that caused reputational harm to the plaintiffs, the suit was still barred by the intentional tort exception. *Id.* at 1203. The Court applied the elements of the tort of defamation under the laws of Vermont, where the events took place, to reach its conclusion. *Id.* at 1206-07.

Under Rhode Island law, the elements of a cause of action of defamation are:

(1) the utterance of a false and defamatory statement concerning another;
(2) an unprivileged communication to a third party;
(3) fault amounting to at least negligence; and
(4) damages

*Nassa v. Hook-SupeRx, Inc.*, 790 A.2d 368, 373 n.10 (R.I. 2002).

According to Madeira Restaurant, the press release was false and misleading, thus satisfying the first element of defamation. By putting the press release out for public consumption, there was communication to third parties. In terms of fault amounting to at least negligence, Madeira Restaurant themselves stated that the Secretary of Labor acted intentionally or negligently to cause damage. This reputational and financial damage claimed is the basis for seeking relief. Thus, Madeira Restaurant's FTCA claim is substantively one of defamation as all four elements under Rhode Island law are satisfied.

Here, there is no dispute that the Secretary of Labor released the press release within the scope of his official capacity as head of the Department of Labor. As

procedurally required, the Court must accept as true Madeira Restaurant's assertion that the Secretary of Labor intentionally or negligently put out a false and misleading statement with the purpose of harming the restaurant. Thus, as in *Aversa*, the claim is centered on a defamatory statement put out by a federal agency that caused reputational harm. Though Madeira Restaurant does not specifically name it as a slander, libel, or defamation action, the substance of the FTCA claim amounts to reputational harm as the result of a communicated defamatory statement. The claim is thus substantively the same as the ones barred by the intentional tort exception in *Aversa* and *Jiménez-Nieves*. As in *Aversa*, the claim is inherently one of defamation under controlling state law.

B. Madeira Restaurant's Claim Under the EAJA

The EAJA authorizes courts to award legal fees and expenses to the prevailing party in a civil action against the United States. 28 U.S.C. § 2412(b). To recover under the EAJA, the party seeking reimbursement must apply to the court "within thirty days of final judgment in the action" that establishes they are the prevailing party and thus eligible to recover. 28 U.S.C. § 2412(d)(1)(B). "[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). "[A] 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

A claim filed under the EAJA before the party has been granted relief, and thus prevailed, is considered premature. *See Sohappy v. Hodel*, 911 F.2d 1312, 1321 (9th Cir. 1990) (citing *Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir. 1988)); *McDonald v. Schweiker*, 726 F.2d 311, 314 (7th Cir. 1983) ("The claimant can apply for fees as soon as he has prevailed."); *Gonzalez v. United States*, 44 Fed. Cl. 764, 768 (Fed. Cl. 1999) ("[A]n EAJA petition may be timely filed once the party seeking attorney fees has prevailed in the underlying litigation."). At least one other court has held that the proper remedy for a premature EAJA claim is dismissal without prejudice. *See Perez v. Guardian Roofing*, No. 3:15-CV-05623-RJB, 2016 WL 898545 at *3 (W.D. Wash. Mar. 9, 2016).

In the case at hand, there has been no judgment entered for which Madeira Restaurant could have prevailed on. Thus, the counterclaim for attorney's fees under the EAJA is premature. Though the Court grants the Secretary of Labor's motion to dismiss the claim at this stage, Madeira Restaurant may still seek reimbursement under the EAJA should they prevail when the Court enters final judgment and file the petition in the timely manner statutorily prescribed.

IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Secretary of Labor's Motion to Dismiss Madeira Restaurant's counterclaims under the FTCA and EAJA. ECF No. 12.

8

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

July 15, 2019