UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, \*<br>United States Department of Labor, \*<br>\*<br>Plaintiff, \*<br>\*<br>v. \*<br>\*<br>MADEIRA RESTAURANT INC. d/b/a \*<br>MADEIRA RESTAURANT, THE \*<br>WATERFRONT RESTAURANT AND LOUNGE \*<br>INC. d/b/a AL'S WATERFRONT \*<br>RESTAURANT & MARINA, and ALBERTINO \*<br>MILHO, DAVID MILHO, and KAREN \*<br>DASILVA, Individually, \*<br>\*<br>Defendants. \* | CIVIL ACTION<br><br>NO. 1:19-cv-93 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **AMENDED ANSWER**

I.  Admitted.

II.  Admitted.

III.  Admitted.

IV.  Admitted except for the term "at all times."

V.  Denied.

VI.  Admitted in part but Denied as to "at all times" to the end of the paragraph.

VII.  Admitted in part but Denied "In her role" to the end of the paragraph.

VIII.  Admitted in part but Denied "She failed to report" to the end of the paragraph.

IX.  Admitted.

X.       *Admitted.*

XI.      Denied.

XII.     Denied, lack sufficient information.

XIII.    Denied, lack sufficient information.

XIV.     Denied, lack sufficient information.

XV.      Denied, lack sufficient information.

XVI.     Denied, lack sufficient information.

XVII.    Denied, lack sufficient information.

XVIII.   Denied, lack sufficient information.

XIX.     Denied, lack sufficient information.

XX.      Denied, lack sufficient information.

XXI.     Denied, lack sufficient information.

XXII.    Denied, lack sufficient information.

XXIII.   Denied, lack sufficient information in the exhibits.

XXIV.    Requires a legal conclusion but to the extent needed, it is Denied.

XXV.     Denied.

XXVI.    Denied.

XXVII.   Requires a legal conclusion but to the extent needed, it is Denied. .

XXVIII.  Requires a legal conclusion but to the extent needed, it is Denied.

XXIX.    Requires a legal conclusion but to the extent needed, it is Denied.

XXX.     Denied.

XXXI.    Denied.

XXXII.   Denied.

XXXIII.  Denied.

XXXIV.   Requires a legal conclusion but to the extent needed, it is Denied.

**Wherefore,** the Defendant Prays For Relief as follows:

A. To Deny an Order any and all actions requested by the Plaintiffs.

B. To Deny any Order for back wages.

C. To Deny Liquidated Damages.

D. To Award Attorney Fees, Costs, and/or Interest.

E. For such other and further relief as may be necessary and appropriate.

DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE

### FIRST AFFIRMATIVE DEFENSE
Plaintiff has failed to state a claim upon which this Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE
As discussed in Defendant's Counterclaim, Plaintiff's calculations were arbitrary, capricious, and punitive.

### THIRD AFFIRMATIVE DEFENSE
Plaintiff has made inconsistent statements throughout the audit which causes them to proceed with "unclean hands"

### FOURTH AFFIRMATIVE DEFENSE
Plaintiff is estopped from making claims and requesting damages as there was a previous audit which did not raise the issues presented.

### FIFTH AFFIRMATIVE DEFENSE
Plaintiff is estopped from making claims and requesting damages as there are non creditable witnesses being relied on which were disclosed by the Defendant to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
Defendant reserves the right to raise affirmative defenses as they are realized

DEFENDANTS
MADEIRA RESTAURANT INC. d/b/a
MADEIRA RESTAURANT, THE
WATERFRONT RESTAURANT AND LOUNGE
INC. d/b/a AL'S WATERFRONT
RESTAURANT & MARINA, and ALBERTINO
MILHO, DAVID MILHO, and KAREN
DASILVA, Individually,
By their attorney

/s/ James J Lombardi III
James J. Lombardi, III
RI BAR 7197 Mass. BBO No. 630155
481 Atwood Avenue
Cranston, RI 02920
TEL: 401-274-8299
FAX: 401-454-5901
Date: November 23, 2019