UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * * * * * * * * *
EUGENE SCALIA, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

MADEIRA RESTAURANT INC. d/b/a MADEIRA RESTAURANT, THE WATERFRONT RESTAURANT AND LOUNGE INC. d/b/a AL'S WATERFRONT RESTAURANT & MARINA, and ALBERTINO MILHO, DAVID MILHO and KAREN DASILVA, Individually,

Defendants.
* * * * * * * * * * * * * * * * * * * * * * * * *

Civil Action No. 1:19-cv-00093-JJM-LDA

CONSENT JUDGMENT AND ORDER

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (the "FLSA"). Defendants Madeira Restaurant, Inc., d/b/a Madeira Restaurant, The Waterfront Restaurant and Lounge, Inc., d/b/a Al's Waterfront Restaurant & Marina, Albertino Milho, David Milho and Karen DaSilva, have received a copy of that Complaint and waive service of process.

The Court concludes that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and Plaintiff and Defendants agree to its terms.

It is, therefore, ORDERED, ADJUDGED, and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any nonexempt employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employees receive compensation for their employment in excess of forty hours at a rate not less than one and one-half times the employees' regular rates of pay.

2. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

3. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this FLSA, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the FLSA.

Further, the Court, finding that the employees are due compensation in the amount of $40,000.00 (inclusive of $20,000.00 in gross overtime back wages and $20,000.00 in liquidated damages), as shown on attached Exhibit 1, which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED, and DECREED that Defendants are restrained from withholding payment of said overtime compensation, and are ordered, jointly and severally, to pay said liquidated damages in accordance with the terms set forth herein. Defendants represent that, to

the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since October 28, 2017. In agreeing to resolve the amount of back wages and liquidated damages in this case, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date.

The back wage and liquidated damages provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to Plaintiff payment totaling $20,000.00 in gross back wages from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor, with no deduction for the employees' state withholding tax, and separate payment totaling $20,000.00 in liquidated damages none of which is subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

To comply with the payment provisions set forth above related to back wages and liquidated damages, Defendants may pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE. Defendants also have the option to provide to the Secretary certified checks, bank checks, or money orders made payable to "Wage and Hour Division—Labor," and those checks or money orders shall be mailed to:

U.S. Department of Labor
Wage and Hour Division
Northeast Region
The Curtis Center, Suite 850 West

170 South Independence Mall West
Philadelphia, PA 19106-3317
Attention: William Schweizer

Checks or money orders shall have Case Nos 1836517 and1839046 written on the face of the checks or money orders. Defendants' payments of back wages and liquidated damages shall be made on or before May 22, 2020.

If Defendants pay any amounts owed under this Consent Judgment by check or money order, a copy of said checks or money orders shall be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, 380 Westminster St. Room 546, Providence, Rhode Island, 02903 Attention: Assistant District Director.

On or before ten days from the parties' execution of this Consent Judgment, Defendants shall deliver to the United States Department of Labor at the Wage and Hour Division's Providence, Rhode Island address set forth above, a statement showing the following: employers' Federal ID number(s), the name of each employee listed in Exhibit 1, and each employee's current address and social security number (to the extent currently known by Defendants).

When recovered wages and/or liquidated damages have not been claimed by an employee within three years, because of inability to locate the employee or because of the employee's refusal to accept such sums, Plaintiff shall deposit the wages and/or liquidated damages into the United States Treasury as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the Philadelphia, Pennsylvania address set forth above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this case in any future investigation, enforcement action, or legal action.

SO ORDERED, this 27 day of May, 2020.

United States District Judge
District of Rhode Island

**********************

**FOR DEFENDANTS:**

Madeira Restaurant, Inc., d/b/a Madeira Restaurant, and The Waterfront Restaurant and Lounge, Inc., d/b/a Al's Waterfront Restaurant & Marina
By: Attorney James J. Lombardi, III, Esq.
481 Atwood Avenue,
Cranston, RI 02920
lombardilawgroup@gmail.com
RI BBO No. 7157

Dated: 5/21, 2020

Albertino Milho

Dated: 5/21/2020 2020

David Milho

Dated: 5-21-2020, 2020

Karen DaSilva

Dated: 5/21/2020 2020

**FOR PLAINTIFF:**

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

SUSAN SALZBERG Digitally signed by SUSAN SALZBERG Date: 2020.05.26 09:43:53 -04'00'

Susan G. Salzberg
Senior Trial Attorney
Salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated: ___________, 2020